INNES & CO., Inc., v. NEDERLANDSCHE AMERIKAANSCHE STOONVAART MAATSCHAPPIJ.

NEDERLANDSCHE AMERIKAANSCHE STOONVAART MAATSCHAPPIJ v. INNES & CO., Inc.

District Court, E. D. New York.    January 2, 1929.

Nos. 8611, 9145.

Theodore L. Bailey, of New York City, for Innes & Co., Inc.

Burlingham, Veeder, Masten & Fearey, of New York City, for Nederlandsche Amerikaansche Stoonvaart Maatschappij.

MOSCOWITZ, District Judge. The libelant seeks to recover for a shortage in a shipment of gum copal received by the steamship Veendijk, which was owned and operated by the Nederlandsche Amerikaansche Stoonvaart Maatschappij.

A cross-libel was filed by the Nederlandsche Amerikaansche Stoonvaart Maatschappij against Innes & Co., Inc., seeking to recover for extra charges and expenses necessarily incurred and paid in discharging said cargo.

On or about the 2d day of March, 1925, there were transshipped to and also shipped and placed on board the said ship in Macassar, Dutch East Indies, shipments aggregating 400 cases of gum damar, one case of gum copal, 558 bags and 2007 baskets of gum copal, to the Port of New York. Upon arrival at the Port of New York, a certain portion of the gum copal was blocked and damaged, there being a shortage of 35,360 pounds. There were subsequently delivered to Innes & Co., Inc., 30,180 pounds of rebagged and damaged gum.

The gum copal was stowed in No. 1 and 5 hatch. The gum copal in No. 1 hatch was in the lower hold, forward end, toward the forward bulkhead end, to the middle of the square of the hatch. Three feet of rattan had been placed under the shipment. Separation cloths had been placed between the bottom tier of the rattan, and on top were placed Indian separation mats. The gum copal was stowed at a height of about 15 to 16 feet. The shipment was in good condition when the same was taken on board. Sand, which was useless for the purpose, was placed between the tiers of the gum copal.

The baskets containing the rattan were covered by burlap and made a solid package. This was the customary and usual manner of shipping gum copal. The space aft of the gum copal in No. 1 hold was left vacant at Macassar. Upon arriving at Batavia rubber was placed in the hold aft of the gum copal. Kapok, which is a cotton-like material, and peanuts were stowed in the square of the hatch above the gum copal. Upon arrival at the Port of New York, upon unloading the cargo it was discovered that the gum copal was caked together in a solid mass, being about 12 feet high.

The owner of the ship claims that he is not responsible for the damages caused, inasmuch as copal is a substance that blocks. It is true that blocking within the baskets is not unusual.

By the terms of the bill of lading there can be no liability in this case for blocking within the baskets. It is claimed by the shipper that this mass was not blocked as contemplated by the bill of lading, but was a solid mass, and what was intended by the bill of lading was the usual blocking which occurred within the baskets, or if some of the gum came out of the baskets which might be blocked together.

The issue here was whether or not the gum copal was properly loaded, stowed, and cared for. The gum copal was received in good condition by the ship. In loading merchandise this gum copal was practically used as a loading platform without any proper protection. Drafts weighing as much as 500 pounds were caused to strike this gum copal. The conclusion is inevitable that these large drafts caused this solid mass to be formed, and this is evidenced by the fact of the lessening in height of the gum copal, to the extent of 2 feet, which cannot be accounted for by the natural settling thereof.

I am convinced that this shipment of gum copal was not properly cared for by the ship, that suitable protection was not given to it, and that the loss and damage sustained were due solely to the fault of the ship and without any fault on the part of the Innes & Co., Inc.

Decree for libelant Innes & Co., Inc., with costs, and the usual order of reference. Decree for respondent Innes & Co., Inc., dismissing the cross-libel.